## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

**ALI ITAYIM,**

    **Petitioner,**

**v.**                                                    **Civil Action No. 2:10cv23**
                                                                    **(Judge Maxwell)**

**JOEL ZIEGLER,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On February 22, 2010, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. This matter is pending before me for Report and Recommendation pursuant to LR PL 83.09.

### II. PETITION

The petitioner alleges that the prison mailing system is delaying mail to and from the court, and the prison mailing system does not treat incoming mail from the court as legal mail which requires a time and date stamp. In addition, the petitioner alleges that outgoing mail requires a mailing label and computers are not able to print full labels. Finally, the petitioner alleges that the individual prison staff members follow different procedures from each other. For relief, the petitioner would "like this court to order the staff to treat all mail from the courts as legal mail as policy states and time and date stamp all incoming court mail and not send it in the regular

institutional mail." (Doc. 1, p.7).

### III. Analysis

The petitioner is not entitled to any relief under § 2241 because he is not challenging the legality of his custody and does not seek the immediate or speedier release from imprisonment. Rather, he is challenging the conditions of confinement or a violation of his civil rights, and these are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and pay the $350.00 filing fee.[2]

### IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the petitioner's § 2241 petition (Doc. 1) be **DISMISSED** without prejudice to his right to file a Bivens action.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file

---

[1] In Bivens, the Supreme Court created a counterpart to § 1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under § 1983.

[2] Although a grant of *in forma pauperis* status would absolve the petitioner from pre-paying the $350.00 filing fee, under the PLRA, the entire fee would be collected from his Prison Trust Account in increments.

objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

Dated: February 24, 2010

        /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE